STEVEN W. VAUGHAN

v.

COMMONWEALTH OF VIRGINIA

No. 0694-90-4

Decided July 1, 1991

COUNSEL

Jeffrey A. Kleger, for appellant.

Kathleen B. Martin, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**KEENAN, J.**—Steven W. Vaughan appeals from a decision in which the trial court revoked four previously suspended sentences imposed upon him. He argues that the trial court lacked jurisdiction to revoke three of the suspended sentences. We find that the trial court did have jurisdiction to revoke the suspended sentence in case C-17595. However, we find that the trial court did not have jurisdiction to revoke the suspended sentences in C-17596 and C-17597, and, accordingly, we reverse its decision in those two cases.

In April, 1981, Vaughan was indicted on two counts of grand larceny and two counts of statutory burglary. He entered a plea of guilty to each charge. By order entered August 28, 1981, he was sentenced to twelve years in the penitentiary with six years suspended in case C-17595. He was also placed on supervised probation for a period of six years from his release from incarceration on that charge. In the remaining cases, C-17594, C-17596 and C-17597, he was sentenced to five years in the penitentiary with five years suspended. He was placed on supervised probation for a period of five years from his release from the penitentiary on the sentence imposed in C-17595.

Vaughan was paroled on May 12, 1983. On December 14, 1983, Vaughan's probation officer requested the trial court to issue a bench warrant due to Vaughan's failure to abide by certain conditions of his probation. A bench warrant was issued on January 11, 1984. The warrant referenced only case C-17594.

Vaughan was convicted of three federal burglary charges in September, 1984. He was released from the federal penitentiary on December 13, 1989 and was served with the bench warrant in case C-17594 on December 14, 1989. A revocation hearing was held on January 26, 1990, at which Vaughan conceded he had violated the conditions of his probation. The trial court then im-

posed three years of the sentences originally imposed in cases C-17594, 95, 96, and 97.

Vaughan concedes that the trial court had jurisdiction to revoke his suspended sentence in C-17594 and the trial court's order in that case was not appealed. Vaughan argues, however, that because the warrant issued in C-17594 did not refer to cases C-17595, 96, or 97, his federal incarceration did not toll the provisions of Code § 19.2-306 with regard to those cases. Thus, he claims that his probationary period expired before the trial court took any action, and that the trial court lacked jurisdiction to impose any portion of the sentence previously suspended in those cases.

■ We agree with Vaughan's contention that the trial court lacked jurisdiction to impose the suspended sentences in C-17596 and 97. The bench warrant issued in January, 1984 referred only to C-17594. We do not agree with the Commonwealth that the omission of any reference to the other cases was a mere clerical error which could be corrected by the trial court at the January, 1990 revocation hearing under Code § 8.01-428(B). Rather, we find that, with regard to C-17596 and 97, the Commonwealth's failure to timely obtain a bench warrant listing those cases stopped the tolling provision of Code § 19.2-306. In *Rease v. Commonwealth*, 227 Va. 289, 316 S.E.2d 148 (1984), the Supreme Court held:

> When . . . the probationer commits another crime within the probation period and is arrested by another jurisdiction, thereby placing himself beyond the jurisdiction and control of the sentencing court, the one-year time constraint of § 19.2-306 is suspended. The time limit remains suspended, when the probation period expires during incarceration in the other jurisdiction, until the probationer is released by such other jurisdiction, *provided the original court as soon as practicable has issued a warrant charging violation of probation and a detainer.*

*Id.* at 295, 316 S.E.2d at 151-52 (emphasis added).

In the case before us, the trial court did not issue a warrant charging a violation of probation and a detainer in C-17596 and 97. Instead, those charges were simply added to the warrant in C-

17594 at the January, 1990 revocation hearing. We find that, in accordance with the proviso in *Rease*, the trial court lost jurisdiction over C-17596 and 97 because a bench warrant and detainer were not issued in those cases prior to Vaughan's release by the federal authorities. Thus, the trial court was without authority to revoke the suspended sentences in these cases at the January, 1990 revocation hearing.

We also hold, however, that the trial court did have jurisdiction to revoke the six year suspended sentence in C-17595. In that case, Vaughan was originally sentenced to twelve years in the penitentiary with six years suspended for a period of six years from his date of release from incarceration. Vaughan was placed on supervised probation for the term of the suspension. Vaughan was released from state incarceration on May 12, 1983. Thus, his probationary period expired May 12, 1989. Pursuant to Code § 19.2-306, the trial court had the authority to cause the defendant to be arrested and brought before the court at any time within one year after the expiration of the probation period, or until May 12, 1990. Therefore, even though a bench warrant was not timely issued and the provisions of Code § 19.2-306 were not tolled during his federal incarceration, the trial court had jurisdiction in January, 1990 to revoke Vaughan's suspended sentence in that case.

For the reasons stated, the decision of the trial court is reversed in part and dismissed, and affirmed in part.

*Reversed in part and dismissed,*
*affirmed in part.*

Coleman, J., and Moon, J., concurred.