380

## CIRCUIT COURT OF FAIRFAX COUNTY

Brian Offer

v.

Commonwealth of Virginia

November 10, 2003

Case No. (Criminal) 57669

BY JUDGE ARTHUR B. VIEREGG, JR.

I have received the Petitioner's Motion for Speedy Trial under the Sixth and Fourteenth Amendments to the United States Constitution. I have reviewed the petition, and my decision follows.

### Case Facts

Petitioner was indicted on November 21, 1988, on the charge of Uttering and Delivering a Forged Check in violation of Va. Code Ann. § 18.2-172.

On January 17, 1989, Petitioner pleaded guilty to the violation of § 18.2-172, and the Petitioner was continued on bond pending his sentencing hearing, and conditioned upon his cooperation with the District Probation Officer.

A bench warrant was entered against the Petitioner on March 1, 1989, based on the Petitioner's violation of the conditions of his bond by failing to keep appointments with his probation and parole officer.

Although it is not clear from the file as to the exact timing, Petitioner was incarcerated in the Roxbury Correctional Institution in Hagerstown, Maryland, at some point in 1989, and, in October 1990, the Petitioner was sentenced to sixteen years on an armed robbery charge in Maryland, the first five years of the sentence without the possibility of parole.

On July 15, 1991, Petitioner was sentenced by this court to five years in prison with three years suspended, conditioned upon Petitioner's good

behavior, and Petitioner was to be placed on probation for three years, further conditioned upon his payment of $490.00 in restitution.

On March 24, 1995, the Petitioner filed a motion to run the Commonwealth's sentence concurrent with his Maryland sentence. I denied Petitioner's motion on April 7, 1995.

The Petitioner was released on parole by Maryland on October 15, 1996, and subsequently incarcerated in the Fairfax Adult Detention Center on October 31, 1996.

Petitioner filed a motion requesting work release on November 29, 1996, which I denied by order on December 26, 1996. On March 12, 1997, Petitioner filed a motion to reconsider the imposed sentence, which I denied on March 18, 1997. Petitioner filed a motion for appointment of counsel and a motion for order of work release on May 4, 1997. By order of May 15, 1997, I granted Petitioner's motion for appointment of counsel and set a hearing for the motion concerning work release. After the hearing, I denied the Petitioner's motion for work release on May 28, 1997.

On August 25, 1997, Petitioner was released from incarceration and was placed on supervision with Frederick A. Albert, III, a probation and parole officer.

In November 1999, Petitioner was indicted for the charges of Using a Firearm in Drug Trafficking and Felony-Possession of a Firearm, in violation of 18 U.S.C. § 922(g).

Subsequently, on January 14, 2000, Petitioner pleaded guilty to Felony Possession of a Firearm, and the Using a Firearm in Drug Trafficking charge was nolle prossed. Petitioner was sentenced to seventy-six months in federal prison with three years of supervised release.

Based on Petitioner's violation of his probation with the Commonwealth, I issued a bench warrant on April 25, 2000. Petitioner maintains that, in August 2000, he was informed by the Inmates Records Office that a detainer had been entered against him by Frederick Albert of the State Attorney's Office in Fairfax County. Petitioner asserts that the detainer requested that the Records Office notify Mr. John J. Tomaselli prior to Petitioner's release from federal incarceration.

On February 14, 2001, I denied Petitioner's post-trial Motion to Run Sentence Concurrent with Federal Sentence. Subsequently, on August 19, 2003, I denied the Petitioner's Motion for Disposition of Charge. Petitioner is currently incarcerated at the Federal Correctional Institution of Edgefield, South Carolina. Petitioner asserts that his projected release date from federal incarceration is May 21, 2005.

On October 21, 2003, I received Petitioner's Motion for Speedy Trial. Petitioner asserts that he has made repeated requests to appear before the Court seeking a disposition of the charge resulting from the probation violation. Petitioner argues that, because no action has been taken to dispose of the probation violation, he has not been afforded a trial within a reasonable period of time. Moreover, Petitioner maintains that he is being adversely affected by the detainer remaining on his records. Specifically, Petitioner argues that his custody level is being adversely impacted and that the detainer renders him ineligible for certain rehabilitation programs and "halfway housing."

## Decision

The Commonwealth is a party state to the Interstate Agreement on Detainers, as codified at Va. Code Ann. § 53.1-210 (2003). The stated purpose of the Agreement is to foster the expeditious disposition of charges and determine the status of detainers based on "untried indictments, informations, and complaints." *Id.* at Art. I. Article III of the Agreement permits a prisoner to request a final disposition hearing on the pending indictment, information, or complaint. *Id.* at Art. III. Upon such request, the prisoner incarcerated in the party state shall be brought to trial within 180 days after delivering written notice of the request for the final disposition to the prosecuting officer and the appropriate court of the Commonwealth.

The United States Supreme Court has held Article III of the Interstate Agreement on Detainers does not apply to detainers based on a violation of probation. *Carchman v. Nash*, 473 U.S. 716, 725, 87 L. Ed. 2d 516, 105 S. Ct. 3401 (1985). In *Nash*, the prisoner, Richard Nash, had pleaded guilty to charges of breaking and entering with intent to rape and of assault with intent to rape in the Superior Court of New Jersey. Nash was sentenced to eighteen months in prison on each count, with the sentences running consecutively. The court suspended two years and imposed a probation term of two years to follow the imprisonment. While Nash was on probation, he was arrested in Pennsylvania and later convicted of the charges filed against him in that state. The New Jersey Superior Court issued a bench warrant for Nash's arrest, which was lodged as a detainer with the corrections facility in Pennsylvania. Despite Nash's repeated requests for a final disposition pursuant to Article III, the New Jersey court did not bring him to trial on the probation violation within 180 days.

The United States Supreme Court found that the New Jersey Superior Court had not violated the mandate of Article III because that provision is not

applicable to detainers based on a probation violation. The Court held that a probation violation charge does not constitute an "untried indictment, information, or complaint." *Id.* at 725-26. The Court found that Nash had already been "brought to trial" and convicted on the initial offenses, and the charges relating to the probation violation would not result in Nash's being "prosecuted." *Id.* Here, the Petitioner was convicted for a federal offense committed while on probation for a conviction by the Commonwealth. The detainer that resulted on the Petitioner's record is therefore based on a probation violation charge. Thus, under the holding in *Nash*, Petitioner is precluded from proceeding under Article III of the Interstate Agreement on Detainers.

A court has the authority to revoke a suspended sentence or probation pursuant to Va. Code Ann. § 19.2-306. If the court conducts a hearing to revoke the suspension of a sentence, it may only do so within one year following the expiration of the probation period or period of suspension and only after issuing process to notify the accused. *Id.* at § 19.2-306(B). In *Rease v. Commonwealth*, 227 Va. 289, 316 S.E.2d 148 (1984), the Supreme Court of Virginia reviewed the timing requirements established in § 19.2-306 in relation to a defendant who violated his state probation by committing a federal offense. The Court stated that "when a state probation violation warrant merely has been issued but not served and a detainer has been lodged, a defendant has no constitutional or statutory right to force the trial court to decide the revocation issue." 227 Va. at 296. Thus, the Supreme Court of Virginia found it proper for the trial court to defer deciding the probation violation until the completion of the term of federal incarceration. Specifically, the Court found that the defendant's federal incarceration tolled the one year time limit in § 19.2-306(B), and it did not start running again until the federal incarceration term was completed. The Court stated that the defendant's commission of another offense and arrest by a different jurisdiction while on probation placed the defendant out of the Commonwealth's jurisdiction and control and thereby suspended the one year time limit. 227 Va. at 295. The Petitioner's commission of a federal offense effectively removed him from this court's jurisdiction pending his federal incarceration. Therefore, this court is not required to dispose of the probation violation that has resulted in a detainer on the Petitioner's record until the Petitioner's federal imprisonment is complete.

Based on my review of the holdings of *Nash* and *Rease*, I find that the Petitioner's Motion for Speedy Trial under the Sixth and Fourteenth Amendments to the United States Constitution is denied.