COURT OF APPEALS OF VIRGINIA

Present:   Judges Kelsey, Haley and Beales
Argued at Chesapeake, Virginia


VALERIE R. WHITE

                                                        OPINION BY
v.        Record No. 2071-06-1              JUDGE RANDOLPH A. BEALES
                                                        DECEMBER 27, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Christopher W. Hutton, Judge

Deborah Saunders, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Valerie R. White (appellant) pled guilty to a possession of cocaine charge under Code

§ 18.2-250.  The trial court deferred the finding of guilt, pursuant to Code § 18.2-251, commonly

referred to as putting a defendant on "first offender status."  The court eventually entered a

conviction on the possession of cocaine charge, finding appellant did not abide by the conditions

of her first offender status.  Appellant claims the trial court erred in convicting her because she

used cocaine only after she had successfully completed her year of supervised probation, at a

time during which the court had continued her case solely to allow appellant additional time to

pay her court costs.

We find the trial court did not err.  Therefore, we affirm appellant's conviction.

BACKGROUND

Appellant pled guilty to a possession of cocaine charge, and disposition of the case was

deferred pursuant to the first offender statute, Code § 18.2-251.  On December 21, 2004, the

court entered an order placing appellant on supervised probation "for one (1) year from" that date. The December 2004 order also required her to be of good behavior and pay court costs, suspended her driver's license, and ordered her to find a job and do 100 hours of community service.

On December 21, 2005, the court held a review hearing. Appellant had complied with all of the terms and conditions of her deferred disposition, except she had not paid her court costs of $900. The court continued the case to June 21, 2006, to give appellant time to pay these costs. The December 2005 order stated, "On the motion of the Court, this matter is continued until June 21, 2006, at 9 o'clock to check the status of payment."

Although the 2005 order did not state that appellant would remain on supervised probation, the probation officer believed the court wished appellant to remain supervised. The probation officer, therefore, continued to meet with appellant. During these meetings, appellant admitted to the officer that she used cocaine on December 31, 2005, and on January 29, 2006. In March of 2006, the probation officer administered two tests to screen for drug use, and both tests indicated illegal drug usage by appellant. Appellant paid the court costs around the same time in March that the officer administered the drug screens.

On June 5, 2006, the court issued a capias for the arrest of appellant based on her failed drug screens. At a subsequent hearing, the trial court acknowledged that the case was continued solely to check on the payment of the court costs. On August 2, 2006, over defense counsel's objection that the case should be dismissed because appellant had "complied with all the conditions," the trial court found appellant had "violated the terms of her first offender status" and convicted her of possession of cocaine. Appellant then appealed to this Court.

ANALYSIS[1]

Appellant pled guilty to possession of cocaine, and she was convicted of that crime. She argues, however, that she completed her supervised probation, so the trial court should have dismissed the case pursuant to Code § 18.2-251. The Commonwealth argues that, even if the supervised probation period had lapsed, the good behavior condition remained in effect, as every order suspending a sentence implicitly includes such a requirement. Therefore, the Commonwealth concludes, the trial court correctly found that appellant had violated a term of her first offender status.

Code § 18.2-251 reads, in part,

> Whenever any person who has not previously been convicted of any offense under this article or under any statute of the United States or of any state relating to narcotic drugs, marijuana, or stimulant, depressant, or hallucinogenic drugs, or has not previously had a proceeding against him for violation of such an offense dismissed as provided in this section, pleads guilty to or enters a plea of not guilty to possession of a controlled substance under § 18.2-250 or to possession of marijuana under § 18.2-250.1, the court, upon such plea if the facts found by the court would justify a finding of guilt, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place him on probation upon terms and conditions.

> \*   \*   \*   \*   \*   \*   \*

> Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against him. Discharge and dismissal under this section shall be without adjudication of guilt and is a conviction only for the purposes of applying this section in subsequent proceedings.

---

[1] It is important to note what is not argued in this case. Appellant does not argue on appeal and did not argue to the trial court that her admissions to the probation officer or that her positive drug screens should have been suppressed because this evidence was collected in violation of her constitutional rights. Appellant's question presented contends only that she met the conditions of her deferred disposition, so the trial court should have dismissed the case.

We review adjudications of guilt under this statute for "an abuse of discretion" by the trial court, Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992), and, likewise, we review a trial court's interpretation of its own orders for abuse of discretion, Smoot v. Commonwealth, 37 Va. App. 495, 500, 559 S.E.2d 409, 411-12 (2002).

On appellant's initial review date in December 2005, she had not fulfilled the terms and conditions upon which the trial court deferred her conviction. She had not paid her court costs, as required by the December 2004 order. The trial court decided to continue "this matter" rather than convict appellant for her failure to comply, which was an "act of grace" within the court's discretion. Cf. Burns v. United States, 287 U.S. 216, 223 (1932) (discussing probation as "a matter of grace"); Rease v. Commonwealth, 227 Va. 289, 295, 316 S.E.2d 148, 151 (1984) (discussing probation as an "act of grace").

When it continued the case into 2006, the trial court did not relieve appellant of her obligations under the original order. The December 2005 order did not nullify or replace the 2004 order, but instead *continued* "this matter." The requirements of the 2004 order were not changed, although some of the requirements had lapsed. Therefore, while appellant is correct that the 2004 order explicitly ended her supervised probation on December 21, 2005, she incorrectly assumes that she also was no longer required to be of good behavior. The supervised probation and the good behavior provisions are separate requirements of the December 2004 order. As such, although the trial court could not find that she violated the terms of her supervised probation, as that condition was expressly ended, the court could find that she violated the continuing requirement that she be of good behavior when she ingested the illegal drugs. The trial court did not err in making this finding.

In Coffey v. Commonwealth, 209 Va. 760, 762-63, 167 S.E.2d 343, 345 (1969), the Supreme Court discussed whether an order that continued the suspension of a prison sentence also implicitly ordered that the defendant remain of "good behavior." The Court noted:

> In Marshall v. Commonwealth, 202 Va. 217, 219-221, 116 S.E.2d 270, 273-274 (1960), sentences imposed upon the accused were suspended, but there was no provision in the sentencing court's order that the suspensions were on condition of good behavior. It was contended that the court was without power to revoke the suspensions in the absence of such a condition. In construing Code §§ 53-272 and 53-275 and in holding the contention of the accused to be without merit, we said:
>
> > "While the language of the suspensions does not in terms include a condition of good behavior, that condition is implicit in every such suspension and constitutes the origin and purpose of the suspension and probation statutes. . . . When a trial court suspends a sentence it 'does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform'. . . ."
>
> > ". . . [W]e now hold, in view of the purpose and history of the statute and the liberal construction to be given it, that the proper construction is that the phrase 'during good behavior' qualifies the power to suspend, as well as the power to place 'on probation under the supervision of a probation officer,' and that good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not."

Id. (ellipses in original). Although the procedure allowed by Code § 18.2-251 is not a traditional suspended sentence or probation procedure, as the defendant is not yet convicted, see Randolph v. Commonwealth, 45 Va. App. 166, 171-72, 609 S.E.2d 84, 87-88 (2005) (discussing finality of judgments for purposes of appeal), the principles expressed in Marshall and confirmed in Coffey apply equally to first offender status.

Neither a person on a suspended sentence nor a person on first offender status is innocent of a crime as both such defendants have either pled guilty or the court found the evidence sufficient to find them guilty. See Gregg v. Commonwealth, 227 Va. 504, 507, 316 S.E.2d 741,

742-43 (1984) (finding that Gregg, who had successfully completed his probation under the first offender statute, Code § 18.2-251, was not "innocent" and, therefore, was not entitled to expungement of the drug charge from his criminal record).  The guilt that they share allows a trial court to confer at its discretion a postponement of punishment in hopes that they will "repent and reform."  Just as suspended sentences afford an opportunity for defendants to learn from their mistakes, the first offender status by its very nature gives defendants this same opportunity.  See Montalvo v. Commonwealth, 27 Va. App. 95, 99, 497 S.E.2d 519, 521 (1998) (noting Code § 18.2-251 gives offenders an opportunity to prove that they can obey the law); Connelly, 14 Va. App. at 890, 420 S.E.2d at 245 (discussing the principles in Marshall in the context of the first offender statute).[2]  Therefore, the requirement that a defendant be of good behavior remains until the first offender case is dismissed.

In addition, the December 2004 order explicitly stated that appellant "shall be of good behavior."  That order did not place an expiration date on this condition, as it did on the supervised probation provision and on the suspension of appellant's driver's license.  Therefore, when the December 2005 order continued "this matter" without releasing appellant from any of her responsibilities under the original order, that order did not continue the terms and conditions that explicitly expired under the December 2004 order.  However, when it continued "this matter" without releasing appellant from her remaining responsibilities, the December 2005 order also continued the requirement that appellant be of good behavior.

---

[2] In addition, we note that the language used in Code § 18.2-251 suggests that the principles inherent in probation orders, discussed in Marshall and Coffey, apply to defendants on first offender status.  The statute describes the first offender process as "defer[ring] further proceedings and plac[ing a defendant] *on probation* upon terms and conditions."  (Emphasis added.)

Under the December 2004 order, appellant's supervised probation ended on December 21, 2005, and that condition of her deferred conviction was not continued by a later order. However, the condition that she be of good behavior remained as it had no termination date.[3] The trial court heard evidence that appellant was not of good behavior during the continuance. Even assuming that appellant is correct when she claims that the trial court would have dismissed her case if she had paid the court costs by December 21, 2005, she in fact did not pay the costs, so the case was continued. The court chose to give appellant another opportunity to avoid a conviction, an opportunity that she then wasted.

Appellant did not exhibit good behavior after December 21, 2005. She admitted that she started using cocaine only a few days after that date. Thus, the trial court was within its authority and discretion to find her guilty, as she violated the terms and conditions of her first offender status. She might not have been on *supervised* probation, but her case was still before the court and appellant was, therefore, still required to be of good behavior.

## CONCLUSION

We find the trial court did not err in finding appellant violated the terms of her first offender status and convicting her of possession of cocaine. Therefore, we affirm the conviction.

<u>Affirmed.</u>

---

[3] Of course, when a final order is entered, the terms of the deferred finding end.