COURT OF APPEALS OF VIRGINIA


Present:   Judges Haley, Petty and Powell
Argued at Salem, Virginia


THOMAS MAURICE VAUGHN

                                                MEMORANDUM OPINION[*] BY
v.       Record No. 0612-08-3                   JUDGE WILLIAM G. PETTY
                                                FEBRUARY 17, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RADFORD
                         Josiah T. Showalter, Jr., Judge

                D. Adam DeVries for appellant.

                Joshua M. Didlake, Assistant Attorney General (Robert F.
                McDonnell, Attorney General, on brief), for appellee.


        On appeal, Thomas M. Vaughn challenges the trial court's imposition of six years of a

previously suspended nine year and six month sentence.  For the reasons explained below, we

conclude that the trial court did not err in imposing the sentence; therefore, we affirm.

                                            I.

        On April 27, 2001, Vaughn was convicted of one count of possession of burglary tools, in

violation of Code § 18.2-94; five counts of grand larceny, in violation of Code § 18.2-95; seven

counts of destruction of private property in violation of Code § 18.2-137; one count of petit

larceny in violation of Code § 18.2-96; and one count of carrying a concealed weapon in

violation of Code § 18.2-308.  The trial court sentenced Vaughn to incarceration for five years

for each of the felony charges to run concurrent with each other, and to incarceration for six

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

months for each of the nine misdemeanors to run consecutive with each other.  The total sentence imposed was therefore nine years and six months.

The trial court then suspended the entire sentence and placed Vaughn on supervised probation.  His suspended sentence was specifically conditioned upon his compliance with all the rules and requirements set by his probation officer.  In June 2002, the trial court found that Vaughn was in violation of the terms of his probation, but took no action at that time.  On November 29, 2007, Vaughn's probation officer reported that Vaughn was again in violation of the terms of his probation.  The probation revocation notice charged Vaughn with violating the terms of his suspension for the following offenses:  grand larceny, petit larceny, possession of burglary tools, carrying a concealed weapon, and damage to property.  At the revocation hearing, Vaughn pleaded no contest to the violation charge.  However, due to a scrivener's error, the trial court's revocation order only reflected that Vaughn was found guilty of violating the terms of the suspension of the sentence for possession of burglary tools.  The order went on to "revoke[] 9 years and 6 months and re-suspend[] 3 years and 6 months for a total of 6 years to serve which are to run consecutive to all other time."

Vaughn timely noted his appeal from this order, arguing that the trial court abused its discretion "in imposing 6 years of the 9 years and 6 months sentence previously suspended."  We granted the Commonwealth's Motion To Correct Final Order to allow the trial court to enter an order *nunc pro tunc* to correct its clerical error in the original revocation order.  Accordingly, on December 5, 2008, prior to oral argument on appeal, the trial court entered an order *nunc pro tunc*.  The order states that Vaughn was found guilty of violating the terms of his suspended sentence on all fifteen of his convictions.[1]  The *nunc pro tunc* order reflected that the trial court:

---

[1] Vaughn was also granted an appeal to determine whether the trial court "commit[ed] clerical error in revoking 6 years where the original sentence was 5 years on the offense noted in the Revocation Notice."  At oral argument, Vaughn conceded that the *nunc pro tunc* order

- 2 -

revoke[d] 9 years 6 months which includes 5 years on each felony case to run concurrent with each other and 6 months on [the petit larceny conviction] and six months on [the concealed weapon conviction] to run consecutive. The Court re-suspend[ed] 3 years 6 months for a total of 6 years to serve.

## II.

Vaughn argues that the trial court abused its discretion when it revoked six years of the previously suspended nine year and six month sentence. Appellant requests that this Court remand his case for a new revocation hearing because his "original convictions were for property crimes and misdemeanors."

After a trial court suspends a sentence, it "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period or within the period of suspension fixed by the court." Code § 19.2-306(A). On appeal from a revocation proceeding, the trial court's "'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Keselica v. Commonwealth, 34 Va. App. 31, 35, 537 S.E.2d 611, 613 (2000) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991)). "[W]hen a defendant violates the terms of his probation, 'the act of grace in granting probation in the first place is rendered a nullity.'" Alsberry v. Commonwealth, 39 Va. App. 314, 318, 572 S.E.2d 522, 524 (2002) (quoting Rease v. Commonwealth, 227 Va. 289, 294-95, 316 S.E.2d 148, 151 (1984)) (citation omitted). Accordingly, "upon revocation of the suspended sentence, the defendant is punished in accordance with a previously imposed sentence not for the conduct prompting the revocation but for his commission of the original crime." Id.

Upon his original conviction, the trial court ordered Vaughn to serve five years for each of the six felony convictions, and six months for each of the nine misdemeanor convictions. The

reflected the trial court's intent and agreed that this argument was rendered moot by the corrected order. Accordingly, we need not address this argument on appeal.

trial court further ordered that the five-year felony sentences were to run concurrent with one another.  These sentences were all within the punishment ranges set by the legislature.[2]  After Vaughn pleaded no contest to the charge he violated the terms of his suspended sentence, the trial court found good cause to revoke the suspended sentences.  The trial court then punished Vaughn by reinstating a portion of those sentences.  Thus, the trial court did not abuse its discretion is reinstating a total of six years of the original sentence.

III.

We therefore affirm the trial court's order.

<u>Affirmed.</u>

---

[2] <u>See</u> Code §§ 18.2-94, 18.2-95, 18.2-96, 18.2-137, 18.2-308, 18.2-10 (setting forth the authorized punishments for felony convictions) and 18.2-11 (setting forth the authorized punishments for misdemeanor convictions).