COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Beales, Russell and AtLee
Argued at Fredericksburg, Virginia


J.K.N.

                                                        MEMORANDUM OPINION* BY
v.        Record No. 0455-15-4                   JUDGE RICHARD Y. ATLEE, JR.
                                                             AUGUST 23, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Elizabeth Tuomey (Tuomey Law Firm, PLLC, on brief), for
appellant.

Katherine Quinlan Adelfio, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


J.K.N., a juvenile, pled guilty in the Juvenile and Domestic Relations District Court of

Arlington County ("the juvenile court") to misdemeanor computer harassment. The juvenile

court found the evidence sufficient to adjudicate her delinquent, but withheld entry of such a

finding. Instead, it deferred disposition of the case and placed J.K.N. on supervised probation

pending disposition. The juvenile court indicated that it intended to dismiss the case eventually,

assuming J.K.N.'s compliance with the juvenile court's requirements. Before the petition could

be disposed of, however, J.K.N. violated her probation. Instead of dismissing J.K.N.'s computer

harassment charge, the juvenile court adjudicated her as delinquent of the petition, and found her

in violation of her probation as well. J.K.N. appealed to the Circuit Court of Arlington County

("the circuit court"), where she was again found in violation of her probation and found guilty of

computer harassment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

J.K.N. now appeals her adjudication of guilt for computer harassment and the finding that she violated her probation. She assigns three errors. First, "she was not on probation by the plain terms of the sentencing order." Second, "general good behavior does not include a curfew violation; rather, curfew was a specific term of probation and is not illegal conduct." Third, "due process requires that she be given notice of the probation and good behavior requirements." We find that J.K.N. was on probation at the time she engaged in the behavior alleged to have violated her probation. As a result, we affirm her convictions without addressing her second and third assignments of error.

BACKGROUND

In 2012, J.K.N. pled guilty in the juvenile court to misdemeanor computer harassment, in violation of Code § 18.2-152.7:1. The juvenile court found the evidence sufficient to convict her, but withheld entry of a finding of guilt. On January 10, 2013, the juvenile court continued the case "for further disposition and consideration of a deferred disposition." The order from that date stated, in pertinent part, as follows:

> Disposition is continued and defendant is placed on supervised
> probation pending disposition[.] A[)] general good behavior
> B) individual and family counseling C) substance abuse evaluation
> and follow all recommendations D) referral to Girls Outreach
> E) no unsupervised use of the internet F) no social media G) no
> threats, violence, bullying or intimidating H) 40 hours of
> community service and I) cooperate with school[.]

(Capitalization altered).[1] On the same day, J.K.N. signed a document entitled "Rules of Probation." Rule three stated: "Your curfew is: Friday and Saturday nights 9 P.M. All other

---

[1] Code § 16.1-278.8 authorizes a court to defer disposition of a deliquency charge and to place a juvenile on probation pending such disposition. Specifically, Code § 16.1-788.8(A)(5) describes the action taken by the juvenile court in this case:

> Without entering a judgment of guilty and with the consent of the
> juvenile and his attorney, [a court may] defer disposition of the
> delinquency charge for a specific period of time established by the

- 2 -

nights 7 P.M.  You are expected to be at home at these times unless the Court extends or restricts the curfew."  Rule seven stated:  "You must not run away from your home or placement."

On March 19, 2013, the juvenile court entered a "Probation Order"[2] recognizing that J.K.N. had appeared before that court on January 10, 2013, and that it was in her best interests to be on probation.  The order stated further:

> [T]he Court places the said juvenile o[n] Probation on the charge of Harassment by Computer for an indeterminate period with direction that the said [probation] officer use all suitable methods . . . to aid and encourage such juvenile and bring about improvement in the juvenile's conduct and condition, and the said [probation] officer is further directed . . . to furnish the said juvenile and it[]s parents . . . with a written statement of the conditions of Probation, together with instructions regarding the same . . . .

The order also included the conditions from the January 10, 2013 order.  It provided that the case would be "[c]ontinued for further disposition and consideration of deferred disposition on July 15, 2013."[3]

Eventually, the juvenile court entered an order on July 25, 2014, which stated:

> Defendant has done very well living with her mother[.]  Mother has been ill but has been able to make sure defendant received services and father has also been helping[.]  Defendant's motion for a deferred disposition is GRANTED[.]  Disposition is deferred[.]  Disposition is continued for three (3) months conditioned on A) general good behavior and B) write paper on

---

> court with due regard for the gravity of the offense and the juvenile's history, and place the juvenile on probation under such conditions and limitations as the court may prescribe.  Upon fulfillment of the terms and conditions, the court shall discharge the juvenile and dismiss the proceedings against him.

[2] Although the juvenile court signed the order on March 19, 2013, the record does not indicate that any party appeared in the juvenile court that day.

[3] It is not clear from the record whether J.K.N. returned to the juvenile court on July 15, 2013.  After the juvenile court's probation order (signed on March 19, 2013), the next order in the record is dated July 25, 2014.

> South Africa and submit to the Court within 30 days.
> Continued for ex-parte dismissal if complian[t.]

(Capitalization altered). J.K.N. and her attorney were present in court on July 25, 2014, at which time the case was continued to October 27, 2014.

In the meantime, on August 29, 2014, the Commonwealth filed a petition in the juvenile court alleging that J.K.N. had violated rules three and seven of her probation when she was absent from her mother's home from August 24, 2014 until August 26, 2014, without permission and without reporting her whereabouts.[4] On October 27, 2014, instead of dismissing the computer harassment charge as previously contemplated, the juvenile court found J.K.N. guilty of computer harassment and found her in violation of her probation. On appeal, the circuit court found J.K.N. guilty of the computer harassment charge and sentenced her to ten days in detention, all suspended. It also found her in violation of probation, but imposed no penalty as a result of that finding.

ANALYSIS

In her first assignment of error, J.K.N. asserts: "The [circuit court] erred in finding J.K.N. guilty of violating probation and of Computer Harassment, because she was not on probation by the plain terms of the sentencing order dated July 25, 2014, and courts speak only through written orders." She argues that nothing in the juvenile court's order of July 25, 2014 stated explicitly that she remained on probation, points out that she was only on probation "pending disposition" of the computer harassment charge,[5] and claims that, because the juvenile

---

[4] J.K.N. does not dispute that she left home without permission and without reporting her whereabouts. She does dispute the legal ramifications of her actions.

[5] J.K.N. also asserts that the January 2013 order conflicts with the March 2013 order because the January order placed her on probation "pending disposition" whereas the March order placed her on probation for "an indeterminate period." Because we conclude that the juvenile court's July 25, 2014 order was not a "disposition," we need not address this argument.

court's July 25, 2014 order was a "disposition," she was no longer on probation. For those reasons, J.K.N. argues, the probation violation should be dismissed, and the computer harassment conviction, which would have been dismissed in the juvenile court but for the wrongful finding that she violated her probation, should be dismissed as well. We disagree with J.K.N.'s argument, and thus find that she is not entitled to the relief she requests.

At the outset, we observe that while "[w]e defer to the trial court's interpretation of its own order," Leitao v. Commonwealth, 39 Va. App. 435, 438, 573 S.E.2d 317, 319 (2002), here the circuit court was interpreting the juvenile court's orders. Accordingly, we review *de novo* the language of the juvenile court's orders. Burwell's Bay Improvement Ass'n v. Scott, 277 Va. 325, 329, 672 S.E.2d 847, 849 (2009) ("The legal effect of a court order is a question of law, and we review such issues de novo on appeal."). Furthermore, "[u]nder well-settled principles of appellate review, we consider the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below. We also accord the Commonwealth the benefit of all inferences fairly deducible from the evidence." Wilkins v. Commonwealth, __ Va. __, __, 786 S.E.2d 156, 159 (2016) (citations omitted).

J.K.N. acknowledges that the January 10, 2013 order placed her on probation and that the conditions of that probation included a curfew and a requirement that she not run away from home. She also concedes that her probation was in effect "pending disposition" of her case. The flaw in J.K.N.'s argument is her misunderstanding and mislabeling of the July 25, 2014 order. It was not a "sentencing order" as she asserts, nor was it a "disposition." To the contrary, the juvenile court stated clearly: "Disposition is deferred."

Title 16.1 of the Code uses the phrase "deferred disposition" without defining it. Webster's Third New International Dictionary 591 (2002) defines "defer" as "to put off (a matter or person to be dealt with) deliberately to a future time." J.K.N. points to the checked box next

to the words "Dispositional Hearing" on the July 25, 2014 order as support for her argument that such order announced a disposition. However, a hearing is not dispositional simply because a box is checked; it is dispositional if the court disposes of the matter at hand. J.K.N. asserts that "[t]he sentence, according to the order, was a three month deferred disposition." This declaration on its face misunderstands the procedure at issue. The juvenile court did not "sentence" J.K.N. to a deferred disposition, because that would be tantamount to the court declaring, nonsensically, "Today, this Court disposes of the charge by agreeing not to dispose of the charge today." The "disposition" J.K.N. urges this Court to recognize was no disposition at all, rather the juvenile court ruled that the case was "[c]ontinued for . . . dismissal if complian[t]." The juvenile court's order of July 25, 2014 was nothing more than an order deferring, or postponing until a later time, disposition of the matter before the court.

Furthermore, the juvenile court's order of July 25, 2014 did not remove the probation conditions previously in place; it placed *additional* conditions upon J.K.N. The juvenile court continued the case for three more months, and ruled that the computer harassment charge would be dismissed if J.K.N. was "complian[t]." The juvenile court's failure to restate the previously-imposed conditions of deferral did not operate to release J.K.N. from compliance with those conditions. Contrary to the understanding of court orders J.K.N. would have us adopt, the juvenile court's silence left prior obligations in place, it did not remove them.[6]

_____

[6] J.K.N. cites White v. Commonwealth, 276 Va. 725, 667 S.E.2d 564 (2008), to support her argument. In that case, appellant was on a deferred disposition for possession of cocaine, pursuant to Code § 18.2-251. The trial court ordered her to comply with various conditions and placed her on probation "until . . . December 21, 2005." Id. at 728, 667 S.E.2d at 565. On December 21, 2005, the Commonwealth reported that appellant had not paid her court costs, but was otherwise compliant with her probation, so the trial court ordered the matter continued for an additional six months. Appellant subsequently admitted using cocaine during this six-month period, and the trial court revoked her first offender status because she had "violated the terms of [her] probation." Id. at 732, 667 S.E.2d at 567 (alteration in original). The Supreme Court reversed. It held that appellant was no longer on probation after December 21, 2005, and rejected the Commonwealth's argument that there had been "a 'de facto' extension of

- 6 -

Having corrected J.K.N.'s misconception about the nature of the juvenile court's July 25, 2014 order, we conclude that the circuit court did not err in finding that J.K.N. remained on probation following entry of that order. Thus J.K.N. was on probation at the time she left and remained away from home, and her actions violated the terms of her probation. Based upon the juvenile court's order of January 10, 2013, probation continued "pending disposition" of the computer harassment charge, *i.e.*, until the final disposition of the case. Thus, the circuit court did not err in finding her in violation of her probation or in convicting her of the computer harassment charge.

CONCLUSION

The conditions of probation contained in the juvenile court's order of January 10, 2013 were still in effect at the time J.K.N. left and remained away from her mother's home, in violation of those probation conditions. For that reason, we need not reach the argument in her second assignment of error that the good behavior condition imposed by the trial court in the July 25, 2014 order did not encompass a curfew violation. Similarly, because we conclude J.K.N. remained on probation by virtue of the January 10, 2013 order, we need not address the assertion in her third assignment of error that she was deprived of due process because she had no notice of the "indefinite" probation imposed in the March 19, 2013 order.

Affirmed.

---

probation." Id. at 733, 667 S.E.2d at 568. White is distinguishable and does not help J.K.N.'s cause. In White, the duration of probation was linked to a specific date. Once that date arrived, and the trial court had not contemporaneously ordered otherwise, probation lapsed. Here, by contrast, J.K.N.'s probation was linked to an event: the disposition of her case. At the time J.K.N. left and remained away from her mother's home in violation of the rules of her probation, disposition had not yet occurred, therefore she remained on probation.