# Richmond

JAMES NELSON MARSHALL v. COMMONWEALTH OF VIRGINIA AND CITY
OF NORFOLK.

October 10, 1960.

Record No. 5153.

Present, All the Justices.

The opinion states the case.

*Howard I. Legum* (*Fine, Fine, Legum, Weinberg & Schwan*, on
brief), for the appellant.

*Reno S. Harp, III, Assistant Attorney General* and *Virgil S. Gore, Jr., Assistant City Attorney* (*A. S. Harrison, Jr., Attorney General; Leonard H. Davis, City Attorney*, on brief), for the appellees.

BUCHANAN, J., delivered the opinion of the court.

This appeal is from an order of the Corporation Court which affirmed the action of the Police Court of the City of Norfolk in revoking the suspension of four jail sentences against the appellant, James Nelson Marshall, who will be referred to herein as defendant.

On August 4, 1958, in the Police Court, the defendant was found guilty of violating penal laws of the Commonwealth and of the City in four separate cases and was sentenced to thirty days in jail and a fine in each case. The jail sentences were suspended for twelve months in this language, endorsed upon each warrant with a rubber stamp: "Jail sentence suspended 12 mos. on payment of fine & cost".

On May 26, 1959, the defendant was tried in the Corporation Court on an indictment charging him with receiving stolen goods, grand larceny and as accessory after the fact, and was found not guilty by a jury. On June 2, 1959, the defendant was brought before the Police Justice, the suspensions of his jail sentences were revoked, and he appealed to the Corporation Court, as allowed by § 53-275 of the Code. After a hearing in that court the revocation of the suspensions was affirmed, the defendant was ordered to jail to serve the jail sentences which had been suspended, and we granted him this appeal.

On the hearing in the Corporation Court the Commonwealth offered the evidence of a Norfolk police officer who introduced a written statement made by the defendant on March 8, 1959. In this statement the defendant related the part he had played in disposing of an adding machine which the officer testified had been stolen, and which was also exhibited in evidence. In substance the statement was that in a store in Norfolk defendant met one Roger (a sailor), who told him he was going back to New York that night and was running short of cash; that he had an adding machine outside in his car that he wanted to sell and asked the defendant if he knew anybody who could use it or wanted to buy it. After making one effort which failed, the defendant asked a woman who came into the store if she would be interested and told her of Roger's hard-luck

story. Roger gave defendant the keys to his car and defendant took her out and showed her the machine, which was in a pasteboard box in the back of the car. He told her she was getting a bargain because it looked brand new, and that "it may be stolen or 'hot' ". She agreed to buy, paid defendant $45, he delivered the machine to her and went back into the store where he gave Roger the money and Roger gave him back $15 for making the sale.

The defendant introduced three witnesses whose testimony related primarily to defendant's behavior and did not controvert the evidence for the Commonwealth.

The defendant now contends that the Police Court and the Corporation Court did not have jurisdiction to revoke the suspensions of the jail sentences because there was no condition of good behavior attached to the suspensions, but only that the fine and costs be paid, which had been done.

Defendant did not make that contention in the court below. He relied there on the proposition that there could be no revocation since the jury had found him not guilty of the charges on which the revocation was based. The record does not show upon what ground the police court revoked the suspensions. The presumption is that it was upon a valid finding that the defendant had in some manner violated the conditions of the suspensions. *Slayton* v. *Commonwealth*, 185 Va. 357, 369, 38 S. E. 2d 479, 485.

While the language of the suspensions does not in terms include a condition of good behavior, that condition is implicit in every such suspension and constitutes the origin and purpose of the suspension and probation statutes. The Commonwealth desires the reformation of the criminal and in furtherance of that purpose its statutes provide for suspension and probation in cases where there are mitigating circumstances or when it is compatible with the public interest. These statutes are highly remedial and are to be liberally construed. When a trial court suspends a sentence it "does not make a contract with the accused, but only extends to him the opportunity which the State affords him to repent and reform." *Richardson* v. *Commonwealth*, 131 Va. 802, 810-11, 109 S. E. 460, 462.

The statutes here involved are §§ 53-272 and 53-275. The first provides that "the court may suspend the execution of sentence * * * and may also place the defendant on probation under the supervision of a probation officer, during good behavior, for such time and under such conditions of probation as the court shall determine."

Since the original statute, Acts 1918, ch. 349, p. 528, we have recognized that the power thus given is to be exercised on condition that the defendant be of good behavior and we said so in *Slayton* v. *Commonwealth, supra,* 185 Va. at 365, 38 S. E. 2d at 483; and in *Dyke* v. *Commonwealth,* 193 Va. 478, 484, and at 490 (dissenting opinion), 69 S. E. 2d 483, 486, 490. While the precise point has not previously been in issue, we now hold, in view of the purpose and history of the statute and the liberal construction to be given it, that the proper construction is that the phrase "during good behavior" qualifies the power to suspend, as well as the power to place "on probation under the supervision of a probation officer," and that good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not.

The suspension in this case is obviously badly worded. Literally it says that the jail sentence is suspended for twelve months on payment of fine and costs. Literally that means a temporary suspension of twelve months, after which the defendant would have to serve the jail sentences regardless. The legislature has provided that no court shall suspend the execution of a sentence in a criminal case except when authorized by statute. Code § 19-272. Clearly, we think, § 53-272 was not intended to authorize the suspension of sentence in any and all criminal cases without regard to the subsequent behavior of the defendant.

Revocation of the suspension of sentence and of probation is provided for by § 53-275, as amended by Acts 1958, ch. 468, p. 600. It says, so far as we are now concerned, that the court may "for any cause deemed by it sufficient, revoke the suspension of sentence * * within the period of suspension fixed by the court," in which case "the original sentence shall be in full force and effect".

The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. The sufficiency of the evidence to sustain an order of revocation "is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of such discretion." The discretion required is a judicial discretion, the exercise of which "implies conscientious judgment, not arbitrary action." *Slayton* v. *Commonwealth, supra,* 185 Va. at 367, 38 S. E. 2d at 484.

It seems entirely clear that the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the

suspension whether or not good behavior was expressly stated to be a condition of the suspension. It follows that in either aspect of the matter, whether good behavior was a condition of the suspension under § 53-272, or bad behavior a sufficient cause for revoking the suspension under § 53-275, the question here is simply whether there has been an abuse of discretion. *Slayton* v. *Commonwealth, supra,* 185 Va. at 367, 38 S. E. 2d at 484; *Berry* v. *Commonwealth,* 200 Va. 495, 497, 106 S. E. 2d 590, 592.

The cause deemed sufficient by the court below, and inferentially by the Police Court, was the defendant's conduct after the suspensions, as described in his written statement given to the police officer and referred to above. From that statement the court below was warranted in concluding that the defendant had, during the term of the suspensions, engaged in the disposal of property which he thought might be stolen, as he himself said, and which, under the circumstances shown, it could reasonably be concluded that he knew was stolen.

The defendant argues that since this statement was put into evidence on the trial in which the jury found the defendant not guilty, it was insufficient to support the revocation and it was an abuse of discretion to revoke the suspensions for that cause. But the conviction of a subsequent criminal offense is not essential to warrant a revocation of suspension. In a revocation proceeding proof beyond a reasonable doubt of the offense alleged is not required, and the evaluation and weight of the testimony are for the court; otherwise, "it would give to a jury the exercise of discretion and the right to determine the issue of fact which the statute plainly lodges in the trial court." *Slayton* v. *Commonwealth, supra,* 185 Va. at 366-8, 38 S. E. 2d at 483-4.

It happened that the Judge of the Corporation Court who heard the present case also presided over the trial in which the defendant was acquitted, and he expressed strong disapproval of the jury's verdict.

The remaining contentions of the defendant are that the police officer was allowed to give hearsay testimony and that after the Commonwealth had closed its case it was allowed to prove that the adding machine had been stolen. Both points are without substance and require no discussion.

The action of the court below in affirming the revocation of the suspensions and ordering the defendant to serve the jail sentences

was warranted by the evidence and was not an abuse of discretion. The order appealed from is accordingly

*Affirmed.*