COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


ANTHONY LEE VAUGHAN, JR.
                                  MEMORANDUM OPINION[*]
v.        Record No. 1069-96-1    BY JUDGE JOSEPH E. BAKER
                                    APRIL 15, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                      William F. Rutherford, Judge

              Jeffrey M. Hallock for appellant.

              John H. McLees, Jr., Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief) for appellee.



     Anthony Lee Vaughan, Jr. (appellant) appeals the decision of

the Circuit Court of the City of Norfolk (trial court) to revoke

the suspension of his ten year prison sentence for possession of

cocaine with intent to distribute.  Appellant contends (1) that

the trial court abused its discretion in denying a continuance of

appellant's revocation proceeding until appellant's sentencing

for the predicate offense and (2) that due process requires that

when a subsequent conviction is to be used as a predicate for a

violation of probation, said predicate conviction must be final.

 Finding no error, we affirm the trial court's decision to revoke

appellant's probation.

     Upon familiar principles, we view the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

———————————
     [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

inferences fairly deducible therefrom. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). Viewed accordingly, the record reveals that on February 6, 1995, appellant was convicted of possession of cocaine with intent to distribute in the trial court and was sentenced to probation with a suspended prison term. While on probation, appellant was charged with a new drug offense (predicate offense) and was tried before Judge Lydia C. Taylor.

In the revocation proceeding, appellant did not dispute that he was convicted by Judge Taylor for the predicate offense, that defense counsel had argued that the evidence was insufficient to convict appellant of the predicate offense, and that Judge Taylor had advised defense counsel that she would look at any cases he would submit at sentencing but as of now appellant is convicted. Appellant moved for a continuance of the revocation hearing because his sentencing hearing for the predicate offense had not yet occurred. The trial court refused to grant a continuance, and appellant was found in violation based upon the predicate offense.

## I. Abuse of Discretion

Where denial of a continuance has not prejudiced a defendant, there is no abuse of discretion. Cardwell v. Commonwealth, 248 Va. 501, 509, 450 S.E.2d 146, 151 (1994). Appellant has failed to show that he was prejudiced in any way by the trial court's denial of his motion for continuance.

The trial court heard the representations of the Assistant Commonwealth's Attorney who personally prosecuted the predicate offense without any objection by appellant. She informed the trial court that appellant's predicate offense was "a circumstantial case of distribution where the [appellant] was partners with another individual who made an actual distribution to an undercover vice and narcotics officer." She also informed the trial court that appellant had already been found guilty of the predicate offense. This showed substantial misconduct and was sufficient grounds for revocation of appellant's probation. See Marshall v. Commonwealth, 202 Va. 217, 220-21, 116 S.E.2d 270, 273-74 (1960).

Even if the finding of guilty had not ripened into a final judgment of conviction on the predicate offense, the trial court could still have revoked appellant's probation. A final conviction is not required in order to constitute grounds for revocation. Id. at 221, 116 S.E.2d at 274. However, the undisputed representations of the Commonwealth's attorney at appellant's revocation hearing clearly reveal that Judge Taylor had found appellant guilty of the predicate offense. "That the trier of fact in a criminal proceeding found beyond a reasonable doubt that the defendant violated a state law is sufficient evidence to support the trial court's finding." Patterson v. Commonwealth, 12 Va. App. 1046, 1049, 407 S.E.2d 43, 45 (1991).

Thus, the representations made to Judge Rutherford

concerning (1) the evidence which had been presented to Judge Taylor and (2) Judge Taylor's finding appellant guilty of the predicate offense constituted sufficient grounds for the revocation.  The trial court was not shown to have abused its discretion in denying the continuance.

## II.  Due Process

On appeal, appellant contends that the trial court deprived him of due process in his revocation hearing.  However, he never in the trial court invoked due process of law or any other constitutional argument.  His constitutional arguments are therefore procedurally defaulted under Rule 5A:18.  See Barnabei v. Commonwealth, 252 Va. 161, 171, 477 S.E.2d 270, 276 (1996).

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.