**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4321

JOHNNIE CLEVELAND GORE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-98-187)

Submitted: December 14, 1999

Decided: December 29, 1999

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

B. Thomas Reed, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Darryl J. Mitchell, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Johnnie Cleveland Gore pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C.A. § 922(g)(1) (West Supp. 1999) and was sentenced to 96 months of imprisonment. On appeal, Gore objects to the district court's assignment of criminal history points pursuant to U.S. Sentencing Guidelines Manual § 4A1.2(c)(1) (1998) for misdemeanor convictions on which Gore had received a jail sentence suspended upon one year good behavior.

This Court reviews questions involving the legal interpretations of the Sentencing Guidelines de novo. See United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991). Section 4A1.2(c) of the United States Sentencing Guidelines Manual instructs a district court to count sentences for misdemeanors "if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." USSG § 4A1.2(c)(1).

In each case where Gore received a suspended sentence, the court conditioned the suspension on Gore's good behavior for a term of one year. The condition of good behavior "constitutes the origin and purpose of the suspension and probation statutes." Marshall v. Commonwealth, 116 S.E.2d 270, 273 (Va. 1960). Such a condition is the equivalent of a one-year term of unsupervised probation and countable under USSG § 4A1.2(c)(1). The district court was correct to include points for Gore's suspended sentences in calculating his criminal history under the Sentencing Guidelines.

Accordingly, we affirm Gore's sentence. Because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process, we grant Gore's motion to submit this case for decision on the briefs.

AFFIRMED

2