COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Humphreys and Clements
Argued at Salem, Virginia


JULEIAN CAPPELL

MEMORANDUM OPINION[*] BY
v.   Record No. 0807-02-3   JUDGE JEAN HARRISON CLEMENTS
MAY 27, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
John J. McGrath, Jr., Judge

Aaron L. Cook (Aaron L. Cook, PC, on brief),
for appellant.

Virginia B. Theisen, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


Juleian Cappell appeals from a judgment of the trial court revoking his previously suspended sentence. On appeal, Cappell contends the trial court (1) abused its discretion in finding him in violation of his supervised probation and revoking his previously suspended sentence and (2) violated his due process rights by relying on a ground for revocation that was not included in the notice he was given. For the reasons that follow, we affirm the judgment of the trial court.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

On February 10, 1999, having convicted Cappell of four charges of forging public records, the trial court sentenced him to eight years' imprisonment.  The trial court then suspended the imposition of the entirety of that sentence and placed Cappell on supervised probation for three years.

On September 14, 2001, while still on probation, Cappell was arrested in connection with the homicide of Rosendo Cruz on September 12, 2000, and charged with first degree murder, use of a firearm in the commission of murder, discharging a firearm within one thousand feet of school property, and possession of a firearm after having been convicted of a felony.

On September 28, 2001, Cappell's probation officer submitted a letter to the trial court alleging Cappell had violated the conditions of his probation by virtue of his arrest on the September 12, 2000 charges.  Specifically, the probation officer alleged Cappell had violated "Condition No. 1: 'I will obey all Federal, State, and Local laws and ordinances'" and "Condition No. 9: 'I will not use, own, possess, transport or carry a firearm.'"

In a jury trial on February 27 and 28, 2002, Cappell was acquitted of the murder, use of a firearm, and discharge of a firearm charges.  The trial court granted the Commonwealth's

-

motion for nolle prosequi of the possession of a firearm charge on
March 11, 2002.

On March 11, 2002, the same judge who presided over the jury
trial held a revocation hearing.  The judge stated, without
objection, that the hearing would proceed on Cappell's alleged
"fail[ure] to keep the peace and be of good behavior [and]
violation of loca[l] and state ordinances."  At the hearing, the
judge, without objection, admitted the transcript of the jury
trial into evidence and observed that he had reviewed his notes
from the jury trial.

The evidence from the jury trial revealed that the homicide
of Rosendo Cruz occurred on the evening of September 12, 2000,
during an altercation on Norwood Street in the City of
Harrisonburg between Ashby Jackson and several of his cohorts and
some "Hispanic" men Jackson had confronted earlier that day.
Numerous witnesses at the scene of the altercation testified at
trial as witnesses for the Commonwealth.  Several witnesses who
participated in the conflict were given lenient dispositions of
their charges by the Commonwealth in exchange for their testimony.

The testimony regarding Cappell's participation in the
conflict varied.  One witness testified she did not see him in the
area of the altercation.  Another witness at the scene of the
altercation testified that, after hearing the gunshots, he saw
Cappell running with Jackson's brother to Cappell's vehicle.
Jackson's brother testified he drove with Cappell to the scene of

-

the altercation on Norwood Street.  He saw Cappell get out of the vehicle but did not see him when the shots were fired.  After hearing the gunshots, he returned to Cappell's vehicle and saw Cappell running back to the vehicle.  He did not see Cappell with a gun in the vehicle or when Cappell was running back to the vehicle.

Kenneth Shawn McAfee provided the most conclusive evidence of Cappell's involvement in the altercation.  McAfee, a convicted felon whose murder charge and malicious wounding by mob charge were respectively "nol prossed" and reduced to a misdemeanor by the Commonwealth in exchange for his testimony, testified he heard "one or two" gunshots during the altercation.  He looked in the direction of the gunfire and saw "a couple more" flashes of light.  He saw a "gun like object," with "flames shooting from it as it [was] fired," in the hand of a man he "took . . . to be" Cappell.  The shooter's "bald head, . . . wire frame glasses, . . . build, and complexion" matched those of Cappell, McAfee stated.  He testified he was not positive it was Cappell because "there [were] no street lights right there" and it was "dark," but he was "ninety-five percent sure" Cappell was the shooter.  When McAfee later asked Cappell "what made [him] do it," Cappell told him only that "everybody would be all right."

Officer Kevin Whitfield, who investigated the homicide, testified that, during an interview conducted on September 14, 2001, Cappell told him that he did not know anyone associated with

-

the shooting incident, had never been on Norwood Street, and was at home at the time of the shooting. Whitfield further testified that Cappell told him that he was intoxicated on the night of the shooting.

At the revocation hearing, Cappell maintained there was no basis for the revocation of his suspended sentence because he was acquitted of the charges relating to the homicide of Rosendo Cruz. Given McAfee's lack of credibility, Cappell argued, the Commonwealth could argue, at best, only that he was present at the scene of the altercation, which is not, by itself, a valid reason to revoke his suspended sentence.[1] The Commonwealth countered that the evidence at trial amply demonstrated Cappell violated the terms and conditions of his probation. For example, the Commonwealth argued, the probation officer's letter of September 28, 2001, stated that a term of Cappell's probation was to "[r]emain drug and alcohol free." Cappell, the Commonwealth continued, admitted to Officer Whitfield that he had been drinking and was intoxicated on the night of the shooting. Cappell raised no objection to the Commonwealth's argument.

Following the argument of counsel at the revocation hearing, the trial court concluded:

---

[1] At the revocation hearing, Cappell agreed with the trial court that the standard of proof to be applied in a revocation proceeding is a preponderance of the evidence and conceded that a conviction for a subsequent criminal offense is not necessary for there to be a probation violation.

-

> This Court sitting as a finder of fact based upon the evidence that was adduced would find that the Commonwealth carried a burden of showing by a preponderance of the evidence that Mr. [Cappell] was the gunman involved in the slaying of Rosendo Cruz.
>
> * * * * * * *
>
> . . . [A]ssuming arguendo, although I do not agree with it, that I would be precluded from considering that fact because of the jury verdict. There is ample other evidence in the record. For example, . . .
>
> * * * * * * *
>
> Paul Jackson . . . and McAfee, and, I believe, one other witness put Cappell in the middle of this gang of men that went over to seek retribution against the two Hispanic males. Also we have the fact according to Officer Whitfield that when interrogated by Officer Whitfield concerning the shooting of Rosendo Cruz, Mr. Cappell made a number of statements which in light of the evidence that's been introduced the Court finds to be clearly dishonest and misleading statements. He said he was never at, never been on Norwood Street in his life, et cetera. Didn't know anything about it. I think the evidence clearly shows that he was present at the slaying of Mr. Rosendo Cruz if not the gunman himself. Also I would note that he was under the influence of alcohol at the time contrary to the terms of his probation. Therefore, the Court finds that he is in violation of his probation, and the Court revokes all of his suspended sentence and remands him to the custody of the . . . Sheriff.

Cappell's attorney then responded, "If the Court would just note my exception. Thank you."

-

## II.  ANALYSIS

Cappell contends the trial court's decision to revoke his probation was arbitrary and an abuse of discretion because the evidence was insufficient to support the court's finding that Cappell was the gunman in the death of Rosendo Cruz.  Cappell argues that, in making that finding, the trial court improperly relied on the "less than certain and wholly discredited testimony" of Kenneth Shawn McAfee, which "stands alone as the only evidence suggesting that . . . Cappell may be the gunman."

When the sufficiency of the evidence is challenged on appeal, we view the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987).  "The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination."  Crawley v. Commonwealth, 29 Va. App. 372, 375, 512 S.E.2d 169, 170 (1999).

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part."  Alsberry v. Commonwealth, 39 Va. App. 314, 330, 572 S.E.2d 522, 525 (2002).  "A trial court has broad discretion to revoke a suspended sentence and probation based on Code § 19.2-306, which allows a court to do so 'for any cause deemed by it sufficient.'"

-

Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 686 (1991).

> The cause deemed by the court to be sufficient for revoking a suspension must be a reasonable cause. The sufficiency of the evidence to sustain an order of revocation "is a matter within the sound discretion of the trial court. Its finding of fact and judgment thereon are reversible only upon a clear showing of abuse of discretion." The discretion required is a judicial discretion, the exercise of which "implies conscientious judgment, not arbitrary action."

Marshall v. Commonwealth, 202 Va. 217, 220, 116 S.E.2d 270, 273 (1960) (quoting Slayton v. Commonwealth, 185 Va. 357, 367, 38 S.E.2d 479, 484 (1946)).

Moreover, "good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not." Id. Thus, "the failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of the suspension would provide reasonable cause for revocation of the suspension." Id. at 220-21, 116 S.E.2d at 273-74.

Upon our review of the record, we conclude the evidence therein is sufficient to sustain the trial court's finding that Cappell violated the terms and conditions of his suspended sentence. Contrary to his statements to Officer Whitfield that he did not know anyone associated with the shooting, had never been on Norwood Street, and was at home at the time of the shooting, three of the Commonwealth's witnesses placed Cappell at the scene of the crime among the group of men who went to Norwood Street to

-

confront the victim and his associates. Additionally, McAfee testified that, based on his observation of the shooter's distinctive physical characteristics, he was "ninety-five percent sure" Cappell was the shooter. The trial judge, who had also presided over the jury trial, implicitly found that McAfee's testimony was credible.

Not held to the higher evidentiary standard of beyond a reasonable doubt, see id. at 221, 116 S.E.2d at 274, the trial court was entitled to find from this evidence, notwithstanding the jury's verdict, that Cappell was illicitly involved in the homicide of Rosendo Cruz and that he subsequently made several deceitful statements to a police officer investigating that crime in order to conceal his involvement. On the basis of either of those findings, the trial court could properly conclude that Cappell failed "to be of good behavior, amounting to substantial misconduct, during the period of the suspension" of his sentence. Id. at 220-21, 116 S.E.2d at 273-74. We hold, therefore, that the trial court had reasonable cause to revoke the suspension of Cappell's sentence and did not abuse its discretion in doing so.

Cappell also argues that the trial court erroneously relied on his consumption of alcohol on the night of the homicide as a ground to support his revocation. He contends the trial court's reliance on this ground, which had not been previously alleged by the Commonwealth, violated his due process rights.

-

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." (Emphasis added.) Thus, we will not consider a claim of trial court error as a ground for reversal "where no timely objection was made." Marshall v. Commonwealth, 26 Va. App. 627, 636, 496 S.E.2d 120, 125 (1998). Similarly, we "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1988). "Rule 5A:18 applies to bar even constitutional claims." Id.

Here, the Commonwealth reminded the trial court at the revocation hearing that the probation officer's letter of September 28, 2001, stated that a term of Cappell's probation was to "[r]emain drug and alcohol free." Cappell, the Commonwealth then pointed out, admitted to Officer Whitfield that he had been drinking and was intoxicated on the night of the shooting. Cappell did not object to the Commonwealth's argument. Likewise, when the trial judge noted, in announcing its ruling at the revocation hearing, that Cappell had been "under the influence of alcohol at the time contrary to the terms of his probation," Cappell voiced no objection. Similarly, Cappell made no argument at the revocation hearing that the trial court's consideration of his consumption of alcohol was a violation of his due process

-

rights or otherwise improper.  Rather, Cappell simply noted his exception to the trial court's overall ruling.

We hold, therefore, that, having failed to raise the instant due process issue before the trial court, Cappell is procedurally barred by Rule 5A:18 from raising it for the first time on appeal.  Moreover, our review of the record in this case does not reveal any reason to invoke the "good cause" or "ends of justice" exceptions to Rule 5A:18.

Accordingly, we affirm the judgment of the trial court.

<u>Affirmed.</u>

-