COURT OF APPEALS OF VIRGINIA

Present: Judges Russell, Malveaux, and Senior Judge Clements
Argued by teleconference

UNPUBLISHED

TRAVIS SENTELL SINGLETON

v.      Record No. 0605-19-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE JEAN HARRISON CLEMENTS
JULY 7, 2020

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

John I. Jones, IV (John Jones Law, PLC, on brief), for appellant.

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


The trial court found that appellant had violated the good behavior provisions of his five

suspended sentences,[1] revoked the suspended sentences, and imposed a total of four years' active

incarceration. Appellant argues on appeal that the trial court erred in admitting the results of a

field test used to identify a vial of Phencyclidine (PCP) the police found near appellant. He also

argues that his constitutional due process right to confront witnesses was violated when the trial

court admitted testimonial hearsay evidence without stating for the record the "good cause"

grounds upon which the court relied to admit the evidence. Appellant further contends that the

errors were not harmless and that the evidence was insufficient to find that he had violated the

terms of his suspended sentences. We disagree and affirm the trial court's ruling.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant was convicted in 2010 of possession of cocaine with intent to distribute and
two charges of distributing cocaine; he was convicted in 2016 of two charges of possession of
cocaine with intent to distribute.

BACKGROUND

We state the evidence in the light most favorable to the Commonwealth, which prevailed below at the revocation proceeding. See Gerald v. Commonwealth, 295 Va. 469, 472-73 (2018). The evidence established that Arlington Police Officer Tyler Bennett was conducting surveillance from an apartment building rooftop in a "high crime," "high narcotics use" area at about 11:45 p.m. on August 24, 2017. Bennett smelled the odor of PCP and determined that the odor was stronger on the side of the building adjacent to Shirlington Road. Using binoculars, Bennett saw several persons, including appellant, standing near a planter box with bushes. The officer noticed a Lincoln Navigator idling in the middle of the street before driving away. He then saw a man, later identified as Lynch, walk to appellant and hand him what appeared to be cash, which appellant put in his pocket. Appellant also "reach[ed] and fumbl[ed] with an object" in the bushes in the planter box. The odor of PCP dissipated when appellant moved away from the bushes.

About ten to fifteen minutes later, Bennett saw appellant retrieve an object from the bushes, produce a cigarette, return the object to the bushes, and light the cigarette, which was smoked by appellant, Lynch, and another man, later identified as Walker. The odor of PCP became stronger when appellant was manipulating the object in the bushes and smoking the cigarette. Bennett testified at trial that PCP is consumed by dipping a cigarette into a vial of PCP.

Bennett next saw a car stop near appellant and then park nearby. Appellant retrieved an object from the bushes and produced a cigarette, which Lynch took to the parked car. The odor of PCP was prevalent while appellant was at the planter box. Lynch stumbled as he walked to the car, leading Bennett to conclude that Lynch was under the influence of PCP. Lynch entered

and exited the car within two minutes, then returned to appellant and handed him what appeared to be cash.

Sometime later, the group began to disperse, and Bennett requested that other officers stop appellant. Upon seeing the police approach, appellant walked quickly into the apartment building. Appellant was apprehended later when he exited the building by a rear door. No contraband was found on appellant when he was searched, nor was the odor of PCP detected, and he was released. Appellant had $200 in cash in his pockets. About thirty to forty-five minutes later, Bennett located a vial of amber liquid in the yard of a vacant house next to the apartment building approximately fifteen to twenty yards, a ten-second walk, from where appellant had been apprehended. There were flecks of tobacco in the liquid. Bennett conducted a field test, which showed that the liquid was PCP. Bennett testified that, in his experience, it was unusual to find a vial of PCP abandoned on the ground.

Officer Steven Yanda questioned Walker at the scene. There was no evidence that Yanda advised Walker of his rights under <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), before talking with him. Walker admitted to Yanda that he, appellant, and Lynch had smoked a cigarette dipped in PCP. Bennett testified that he smelled PCP on Lynch's breath and fingertips after Lynch was apprehended at the scene.

ANALYSIS

A. <u>Admission of Field Test Results</u>

"'[T]he admissibility of evidence is within the discretion of the trial court' and an appellate court will not reject the decision of the trial court unless it finds an abuse of discretion." <u>Hicks v. Commonwealth</u>, 60 Va. App. 237, 244-45 (2012) (quoting <u>Midkiff v. Commonwealth</u>, 280 Va. 216, 219 (2010)). "Under this deferential standard, a 'trial judge's ruling will not be reversed simply because an appellate court disagrees;' only in those cases where 'reasonable

jurists could not differ' has an abuse of discretion occurred." Campos v. Commonwealth, 67

Va. App. 690, 702 (2017) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, adopted

upon reh'g en banc, 45 Va. App. 811 (2005)).

Code § 19.2-188.1 provides that in a preliminary hearing on charges involving drugs, or a

trial on the charge of possession of marijuana, a "law-enforcement officer shall be permitted to

testify as to the results of field tests that have been approved by the Department of Forensic

Science" regarding the identity of the substance at issue in the case.  Appellant did not object to

admitting into evidence the type of field test Officer Bennett had used to test the substance in the

vial,[2] but he objected to Bennett's stating the results of the field test.  Appellant argued that the

plain language of Code § 19.2-188.1 did not apply to revocation proceedings.  The prosecutor

acknowledged that the statute did not address revocation hearings specifically, but he argued that

the court had discretion to admit the results under the "relaxed evidentiary standards for a

probation violation."  See Va. Rule Evid. 2:1101(c)(1) (stating that evidentiary rules are

permissive, not mandatory, at probation revocation hearings).

The trial court overruled appellant's objection, noting the evidence would be "useful" to

the court and "like anything with a relaxed standard, it can be admitted and may provide a little

weight, depending upon the totality of the circumstances."  The court also found that the test kit

---

[2] The field test kit was admitted as Commonwealth's Exhibit 3.  However, the document marked as Exhibit 3 and included initially in the trial court's record was a certificate of analysis from the Department of Forensic Science, dated January 17, 2018, which stated that on September 7, 2017, the laboratory had received "one glass vial containing amber liquid," which "was analyzed and found to contain Phencyclidine (PCP) (Schedule II)."  However, on November 26, 2019, appellant's counsel filed a motion asking that the certificate be stricken from the record.  The motion stated that the correct Exhibit 3 admitted at trial was a field test kit, which had been retained by the trial court, and that no certificate of analysis was admitted at the revocation hearing.  The trial court granted the motion on December 11, 2019.  Two photos of the field test kit showing it marked as Exhibit 3 were then sent to this Court.

was approved by the Department of Forensic Science (DFS) and "for that reason alone" was "reliable enough, at least, for the preliminary consideration."

Appellant argues that the trial court erred in admitting the results because Code § 19.2-188.1 did not apply.[3] The statute expressly permits an officer to testify about field test results in preliminary hearings in drug cases and trials for marijuana. Relying on the principle of statutory construction that "a legislative enactment limit[ing] the manner in which something may be done . . . also evinces the intent that it shall not be done another way,"[4] appellant contends that if the General Assembly had intended to allow field test results in revocation hearings, it would have said so.[5]

We find that the trial court did not rely on the statute in admitting the results. Rather, the court determined that because a "relaxed standard" for admitting evidence applied in a revocation hearing, the field test results would be "useful" to the court and might "provide a little

---

[3] Appellant also asserts that there was no evidence the results were reliable. We find that his argument is waived because he did not make it at trial. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause or to enable the Court of Appeals to attain the ends of justice." Rule 5A:18. "Specificity and timeliness undergird the contemporaneous-objection rule, animate its highly practical purpose, and allow the rule to resonate with simplicity: 'Not just any objection will do. It must be both *specific* and *timely* — so that the trial judge would know the particular point being made in time to do something about it.'" Bethea v. Commonwealth, 297 Va. 730, 743 (2019) (quoting Dickerson v. Commonwealth, 58 Va. App. 351, 356 (2011)); see also Floyd v. Commonwealth, 219 Va. 575, 584 (1978) (holding that the appellate court will not consider an argument that differs from the specific argument presented to the trial court, even if it relates to the same general issue).

[4] Grigg v. Commonwealth, 224 Va. 356, 364 (1982).

[5] The Commonwealth contends that Rule 5A:18 bars appellant's legislative intent argument because he did not make the same argument to the trial court. We assume without deciding that the argument was encompassed within appellant's contention that Code § 19.2-188.1 did not apply. "Although the objecting party need not cite specific legal authority to the trial court in order to rely on it on appeal, he must present the objection itself with sufficient particularity to permit the judge, if he or she agrees, to take necessary action." Jones v. Commonwealth, 71 Va. App. 597, 607 (2020).

- 5 -

weight, depending upon the totality of the circumstances." See Va. Rule Evid. 2:1101(c)(1) (stating that evidentiary rules are permissive at probation revocation hearings). "There is a strong public interest in receiving all evidence relevant to the question whether a probationer has complied with the conditions of probation." Anderson v. Commonwealth, 251 Va. 437, 440 (1996) (holding that the exclusionary rule did not apply in a probation revocation proceeding "absent a showing of bad faith on the part of the police"). We hold that under the facts of this case the trial court properly exercised its discretion in admitting the evidence.

B. Admission of Walker's Statement

Officer Yanda testified that Walker admitted that he, appellant, and Lynch had smoked a cigarette dipped in PCP. Appellant objected that Walker's statement was hearsay and its admission violated his constitutional right to confront witnesses. The trial court overruled the objection, finding that a "relaxed standard" applied. The court continued, "[I]t goes to the weight, so things that cannot otherwise be substantiated or make sense within the circumstances of what has been observed and, otherwise, testified to in a . . . non-objectionable way, may be given much less weight."

Appellant argues that the trial court erred in admitting Walker's testimonial hearsay statement without making a specific finding of good cause to admit the statement. However, appellant did not object at trial that the court had not made a specific finding of good cause to admit the statement, nor did he ask the court to make that finding. Consequently, he has waived that claim on appeal. See Rule 5A:18; Bethea v. Commonwealth, 297 Va. 730, 743 (2019); Henderson v. Commonwealth, 285 Va. 318, 325 (2013) (holding that defendant's claim regarding the trial court's failure "to state for the record the specific 'good cause' it found" for allowing hearsay evidence at a revocation hearing had not been preserved for appeal).

C. Sufficiency of the Evidence

Appellant contends that because the evidence showing that he had violated the good behavior condition of his suspended sentences was erroneously admitted, and the error was not harmless, the evidence was insufficient to revoke his sentences. We disagree.[6]

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). The revocation is proper if the court "finds good cause to believe that the defendant has violated the terms of suspension." Id. A court may find that a defendant has violated the good behavior requirement of his suspended sentence even if he has not been convicted of a new offense. See Marshall v. Commonwealth, 202 Va. 217, 221 (1960). Proof beyond a reasonable doubt is not required in a revocation proceeding. See id.

"When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part." Alsberry v. Commonwealth, 39 Va. App. 314, 320 (2002). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" Jacobs v. Commonwealth, 61 Va. App. 529, 535 (2013) (quoting Davis v. Commonwealth, 12 Va. App. 81, 86 (1991)). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." Id.

---

[6] We note that under Code § 19.2-324.1 "when a challenge to a conviction rests on a claim that the evidence was insufficient because the trial court improperly admitted evidence, the reviewing court shall consider all evidence admitted at trial to determine whether there is sufficient evidence to sustain the conviction." Thus, in considering whether the evidence before the trial court was sufficient to sustain appellant's conviction, we do not omit from our evaluation any evidence that was before the trial court. In this case, the trial court did not erroneously admit any evidence.

In finding that appellant had not been of good behavior, the trial court relied on Officer Bennett's testimony about his observations. The court noted that Bennett had "followed his nose" in locating the source of the PCP odor on the side of the building where appellant was seen with several other persons. Bennett recognized the distinct odor of PCP from his training and experience. The court found it reasonable that Bennett did not investigate the crowd of teenagers at the front of the building because he had not detected PCP in that area.

Bennett testified that he saw Lynch walk from a Lincoln Navigator that was idling in the middle of the street to appellant and hand appellant what appeared to be cash, which appellant put in his pocket. Bennett saw appellant "reach[] and fumbl[e] with an object" in the bushes in the planter box, and the odor of PCP dissipated when appellant moved away from the bushes. While Bennett watched, appellant retrieved an object from the bushes in the planter box before producing and lighting a cigarette. The odor of PCP became stronger as Bennett observed appellant, Lynch, and Walker smoke the cigarette. Bennett testified that PCP is consumed by dipping a cigarette into a vial of PCP.

A short time later, Bennett saw a car stop near where appellant was standing and then park nearby. Appellant took an object from the planter box and gave Lynch a cigarette, which Lynch took to the parked car. The odor of PCP was prevalent while appellant was at the planter box. After a few minutes, Lynch returned and appeared to give appellant cash. The trial court concluded from Bennett's testimony that appellant was distributing drugs and found his conduct "compelling" evidence that he had failed to be of good behavior.

Additional evidence established that appellant possessed PCP. He fled into the building when the police approached and was not apprehended until he exited the building by a rear door. He had cigarettes and $200 cash on his person, but no contraband or odor of PCP. Thirty to forty-five minutes later, Bennett located a vial of amber liquid, which a field test determined to

be PCP, on the ground approximately fifteen to twenty yards, a ten-second walk, from where appellant had been apprehended. Lynch was detained at the scene, and Bennett smelled a strong odor of PCP on Lynch's breath and fingertips.

We conclude from the totality of the evidence that the trial court did not abuse its discretion in finding that appellant had failed to be of good behavior.

## CONCLUSION

In sum, we hold that the trial court did not err in admitting the field test results, appellant waived his argument regarding the admissibility of Walker's statement, and the evidence was sufficient to show that appellant violated the good behavior condition of his suspended sentences. We thus affirm the trial court's revocation of appellant's suspended sentences.

<u>Affirmed.</u>