COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Huff and AtLee
Argued by videoconference


EDGAR ALEXANDER DIAZ-URRUTIA
                                                    OPINION BY
v.       Record No. 0502-22-4              JUDGE ROBERT J. HUMPHREYS
                                                  APRIL 4, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF STAFFORD COUNTY
J. Bruce Strickland, Judge

Timothy W. Barbrow (Law Office of Timothy W. Barbrow, on
brief), for appellant.

Lindsay M. Brooker, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.


Appellant, Edgar Alexander Diaz-Urrutia appeals from the decision of the Stafford

County Circuit Court revoking his suspended sentence for his conviction for abduction and

imposing two years of active incarceration. Diaz-Urrutia contends that his violation of a

no-contact condition of his suspended sentence was a good conduct violation that did not result

in a criminal conviction and that, accordingly, Code § 19.2-306.1 prohibited the circuit court

from imposing any period of active incarceration.

BACKGROUND

On May 18, 2016, Diaz-Urrutia pleaded no contest to abduction and rape in the Circuit

Court of Stafford County. The circuit court sentenced Diaz-Urrutia to twenty years'

incarceration for the rape conviction, with no time suspended, and ten years' incarceration for the

abduction conviction, with all ten years suspended. The circuit court ordered Diaz-Urrutia to

participate in supervised probation upon his release from confinement. Additionally,

Diaz-Urrutia's suspended sentence was conditioned upon his being of good behavior for forty years. Finally, the circuit court specifically ordered that Diaz-Urrutia "have no contact with the victim" as a special condition of his suspended sentence.

In February 2019, the Commonwealth alleged that Diaz-Urrutia, while still incarcerated (and thus, before beginning his term of supervised probation), contacted the victim. In August 2021, Diaz-Urrutia appeared before the circuit court and admitted he contacted the victim in violation of the sentencing order. The circuit court clarified that the proceeding did not involve a probation violation because Diaz-Urrutia's probation had not yet begun, but instead involved a violation of the conditions of his suspended sentence.

At his revocation hearing, all parties assumed that Code § 19.2-306.1 applied to the proceeding.[1] As such, Diaz-Urrutia argued that by contacting the victim, he violated the good conduct condition of his suspended sentence and that, under Code § 19.2-306.1, because it was his first good conduct violation, the circuit court could not impose any active incarceration. The circuit court disagreed and stated that "[b]ased on everything, and noting most specifically that this was a very serious criminal charge and that no contact was a special condition of the suspended time, I revoke all ten years and resuspend eight years." The circuit court revoked the suspended ten years and resuspended eight years. Diaz-Urrutia now appeals from that judgment.

---

[1] In *Green v. Commonwealth*, 75 Va. App. 69 (2022), this Court held that the sentencing provisions of Code § 19.2-306.1 do not apply retroactively to conduct predating the effective date of that section. The Commonwealth on appeal argues that we should affirm the circuit court on that basis. However, we have since repeatedly held that where the Commonwealth elects to proceed under Code § 19.2-306.1 at the circuit court, it is bound by that election and may not take the opposite position on appeal. *See Delaune v. Commonwealth*, 76 Va. App. 372, 378-79 (2023); *Heart v. Commonwealth*, 75 Va. App. 453, 465 (2022). Here the Commonwealth affirmatively argued that Code § 19.2-306.1 applied; we will not permit it to take the contrary position on appeal.

ANALYSIS

Diaz-Urrutia's appeal challenges the circuit court's statutory interpretation of Code § 19.2-306.1. While Diaz-Urrutia concedes that he violated a condition of his suspended sentence, he contends that the violation was only a "good conduct" violation. As such, Diaz-Urrutia argues that Code § 19.2-306.1 did not authorize the circuit court to revoke his suspended sentence or impose any active time.

Code § 19.2-303 provides that "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation under such conditions as the court shall determine." Pursuant to this section, a circuit court may "impose such reasonable terms and conditions of probation as it deems appropriate." *Murry v. Commonwealth*, 288 Va. 117, 122 (2014) (citing *Dyke v. Commonwealth*, 193 Va. 478, 484 (1952)). "The only statutory limitation on the court's exercise of its discretion is 'one of reasonableness.'" *Id.* (quoting *Anderson v. Commonwealth*, 256 Va. 580, 585 (1998)).

Code § 19.2-306(A) allows courts to "revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time . . . within the period of suspension fixed by the court." Code § 19.2-306(C) explains that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of § 19.2-306.1."

In 2021, the General Assembly enacted Code § 19.2-306.1, which limited the ability of a court to revoke suspended sentences for certain violations. In relevant part, Code § 19.2-306.1(B) reads:

> If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, or has violated another condition

> other than (i) a technical violation or (ii) a *good conduct* violation
> that did not result in a criminal conviction, then the court may
> revoke the suspension and impose or resuspend any or all of that
> period previously suspended.

(Emphasis added.)

In other words, if the defendant has been convicted of a new criminal offense, then the court may "revoke the suspension and impose or resuspend any or all of that period previously suspended." Additionally, the court may revoke the suspension and impose any or all of the previously suspended sentence if the basis of the violation is "another condition," i.e. a special condition, that is *not* an enumerated technical violation or a good conduct violation that does not result in a new criminal conviction.[2]

If a condition of a suspended sentence is one of the enumerated technical conditions, then Code § 19.2-306.1 specifically limits what the court may do: for a first violation, no term of active incarceration may be imposed. *See Heart v. Commonwealth*, 75 Va. App. 453, 465 (2022). For a second violation, the court may impose no more than fourteen days of active incarceration, and then only if the court first finds that the defendant cannot be safely diverted from active incarceration. For a third or subsequent violation, the court is not limited in what active sentence it may impose.

However, Code § 19.2-306.1 is silent as to what the court's revocation and sentencing options are if the defendant has violated a condition that is a "good conduct violation that did not result in a criminal conviction." Whatever restrictions, if any, Code § 19.2-306.1 imposes on a sentencing court's authority to revoke a suspended sentence for a good conduct violation, those

---

[2] Prior to the effective date of Code § 19.2-306.1, the nature of the violation did not impose any restrictions on the court's authority to revoke a suspended sentence and impose a term of active incarceration.

restrictions are only triggered when "the *basis* of a violation of the terms and conditions of a suspended sentence" is a good conduct violation. Code § 19.2-306.1(B) (emphasis added).

First, "[w]hen construing a statute, our primary objective is 'to ascertain and give effect to legislative intent,' as expressed by the language used in the statute." *Cuccinelli v. Rector & Visitors of the Univ. of Va.*, 283 Va. 420, 425 (2012) (quoting *Commonwealth v. Amerson*, 281 Va. 414, 418 (2011)). We "presume that the legislature chose, with care, the words it used when it enacted the relevant statute." *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337 (2011). Additionally, the probation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals. *Dyke*, 193 Va. at 484.

For whatever reasons the General Assembly may have had, the application of the commonly used principles the courts of the Commonwealth use to construe statutes render it difficult to avoid an absurd result in discerning the legislative intent from the language of this statute.

Other than technical violations, the plain language of the statute only limits the sentencing court's power if "the basis of a violation . . . [is] a good conduct violation." Code § 19.2-306.1(B). The plain language of the statute therefore indicates that so long as there is "another condition other than" the implied good conduct condition that has been violated, then the sentencing court is simply not constrained by the statute because the "basis of [the] violation" is "another condition," not a good conduct violation. *See Basis*, *New Oxford American Dictionary* (3d ed. 2010) ("The justification for or reasoning behind something.").

In *Delaune v. Commonwealth*, 76 Va. App. 372, 381 (2023), we held that a "technical violation" is "a violation based on the probationer's failure to" do any of a list of enumerated things specifically defined as such. Code § 19.2-306.1(A). Accordingly, if a "special condition"

- 5 -

required a probationer to do something that was covered by the enumerated list of technical violations, the violation would nonetheless be considered a technical violation, not a special condition because the violation would be "based on the probationer's failure" to do one of the listed technical conditions. *See Delaune*, 76 Va. App. at 383 (holding that a sentencing court's condition that the probationer remain "drug free" was a technical violation, not a special condition). In other words, a sentencing court may not immunize its suspended sentences from the reach of Code § 19.2-306.1 by crafting "special conditions" that encompass conduct defined by the statute as a "technical violation."

Good conduct violations, however, are different than technical violations. The phrase "good conduct" is not defined by the Code in reference to a specific list of enumerated conduct. On the other hand, "good behavior" is a long standing and well understood term of art commonly used as a condition of the suspension of sentences. In *Marshall v. Commonwealth*, 202 Va. 217, 220 (1960), the Virginia Supreme Court held that "'good behavior' qualifies the power to suspend . . . and that good behavior is a condition of every suspension, with or without probation, whether expressly so stated or not." In *Marshall*, the Court held that the "failure of a defendant to be of good behavior, amounting to substantial misconduct, during the period of suspension would provide reasonable cause for the revocation of the [sentence]." *Id.* at 220-21. In *Holden v. Commonwealth*, 27 Va. App. 38, 42 (1998), this Court explained that the good behavior condition encompassed "iniquitous, but not necessarily illegal, conduct." What is clear from these cases is that the good behavior condition of a suspended sentence is designed to "rehabilitate and to encourage a convicted defendant to be of good behavior," without reference to specifically prohibited or mandated conduct. *Hamilton v. Commonwealth*, 217 Va. 325, 328 (1976).

However, the General Assembly chose not to use "good behavior" in Code § 19.2-306.1 as that phrase has been long understood, opting instead for "good conduct."[3] Although we ordinarily interpret different words used by the legislature to carry different meanings, good conduct and good behavior do not have materially different ordinarily understood definitions and there is simply no rational way to distinguish their meanings. *Compare Conduct*, *New Oxford American Dictionary*, *supra* ("[T]he manner in which a person behaves."), *with Behavior*, *id.* ("[T]he way in which one acts or conducts oneself.").

Moreover, in discerning the intent of the General Assembly, we think it significant that the conduct statutorily defined as technical violations are specific requirements imposed on all probationers supervised by probation officers, who are employees of the executive branch of government and not by judges whose task is to focus on the individual defendant and "to balance the appropriate punishment for the crime committed with the available rehabilitative alternatives to incarceration and the protection of the lives and property of the community if the defendant is not isolated from it." *Fazili v. Commonwealth*, 71 Va. App. 239, 250 (2019) (collecting cases).

Therefore, unlike technical violations, whether a defendant's conduct amounts to a good behavior violation is not determined by reference to an enumerated list of required or prohibited conduct, but rather by the sentencing court's determination that the defendant has engaged in some generic and not otherwise specified "substantial misconduct." *Marshall*, 202 Va. at 220. In harmonizing the statutory changes with our Supreme Court's decision in *Marshall*, we conclude that the good behavior/good conduct condition is a generic condition implicit in, and applicable to all suspended sentences such that "substantial misconduct" risks the revocation of their suspended sentence if the sole condition that covers the defendant's conduct is the generic

---

[3] Although the phrase "good conduct" appears elsewhere in the Code, the phrase is used in the context of "good conduct allowance credits" for the Virginia Parole Board and has no relation to the revocation of a suspended sentence. Code § 53.1-200 *et seq.*

- 7 -

condition that the defendant be of good behavior.  In other words, if a sentencing court has fashioned a condition of a suspended sentence that specifically covers the defendant's conduct that prompted the revocation proceeding, then that condition is—by definition—not a good conduct violation.  Such conduct would instead be a violation of "another condition," *e.g.* a special condition.

Accordingly, a sentencing court must engage in a four-step process to classify the basis of the revocation proceeding before determining what sentence it may impose.  First, the court must determine whether "the violation conduct matches the conduct [specifically] listed in Code § 19.2-306.1(A)." *Delaune*, 76 Va. App. at 383.  If so, then the defendant has committed a technical violation and the sentencing limitations found in Code § 19.2-306.1(A) apply, regardless of whether the sentencing court included that conduct as "another condition" of the defendant's suspended sentence.  If the violation conduct does not match the conduct listed in Code § 19.2-306.1(A), the court must then determine whether "another condition," other than the generic good behavior condition of the defendant's suspended sentence covers the conduct.  If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1.  If the defendant's sentencing order contained no other condition matching the violation conduct, then the court must determine whether the conduct resulted in a new criminal conviction.  If so, then the court's sentencing authority is not restricted by Code § 19.2-306.1.  Finally, if none of the above apply, then the court must determine whether the defendant has engaged in substantial misconduct amounting to a good conduct violation.[4]

In some cases, it may very well be possible for contacting the victim of a crime to constitute "substantial misconduct" amounting to a violation of the implied condition that the

---

[4] Because it is not necessary to resolve this appeal, and we are mandated to resolve cases on the best and narrowest grounds, we decline to opine on what sanction Code § 19.2-306.1 authorizes for a good conduct violation. *See Commonwealth v. Swann*, 290 Va. 194, 196 (2015).

defendant remain of good behavior.  In this case, however, the circuit court did not rely on the general good behavior condition in revoking Diaz-Urrutia's suspended sentence.  Instead, the circuit court relied on the specific special condition that Diaz-Urrutia not have contact with the victim of his crime.

## CONCLUSION

For these reasons, we hold that the basis of a revocation of a suspended sentence is a good conduct violation only if the sole basis for the revocation is the defendant's violation of the condition that he remain of good behavior.  In this case, because the circuit court was permitted to revoke and impose any amount of the balance of his suspended sentence for Diaz-Urrutia's violation of "another condition" other than a technical violation or good conduct violation that did not result in a new criminal conviction, the circuit court did not err in imposing two years of active incarceration for Diaz-Urrutia's violation of the no-contact condition of his suspended sentence.

*Affirmed.*